IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROY FLOYD,
        Plaintiff,

vs.                                                  3:05CV307/LAC/MD

WARDEN KIRKLAND
        Defendants.

## REPORT AND RECOMMENDATION

      Plaintiff, an inmate of the Florida penal system proceeding <u>pro se</u>, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 docketed by the clerk on August 8, 2005. Plaintiff names Warden Kirkland of the Walton Correctional Institution, Jeffery Skipper, Mark Crawford, Billy Royce Truman and Timothy Steele as the defendants. Plaintiff claims that two false disciplinary reports were lodged against him, and that the disciplinary proceedings were a sham because the "inmate is always wrong." He complains generally that there is a racist atmosphere at the institution.

      Section IV of the civil rights complaint form deals with previous lawsuits. The introductory note explains that failure to disclose all prior civil cases may result in the dismissal of the instant case, and that if a litigant is unsure of any prior cases that have been filed, that fact must be disclosed as well. Plaintiff is then asked, in three separate questions, whether he has initiated other actions in state or federal court dealing with the same or similar facts, or any other actions in either state or federal court relating to the fact or manner of his imprisonment or the conditions of this imprisonment. The latter question clearly indicates that both habeas corpus petitions and civil rights complaints must be reported. Where there are parenthetical areas to mark either a yes or no answer to these

questions, plaintiff marked no. Thus, plaintiff has in effect stated that 1) he has initiated no other lawsuits in state court or in federal court that deal with the same or similar facts as those involved in this action and 2) he has initiated no other lawsuits in state court or in federal court that otherwise relate to his imprisonment. At the end of the civil rights complaint form, plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct."

Upon review of the file, the Clerk has advised, and this Court may take judicial notice, that plaintiff has previously filed at least one other case in the Pensacola Division of this court: Floyd v. Bush, et al. 3:04cv386/MCR/EMT. In that case, plaintiff complained about conditions at the Escambia County Jail, maintaining that routine use of excessive force, tampering with mail, extortion and unsanitary conditions are prevalent at that institution. The case was dismissed without prejudice on June 15, 2005 due to plaintiff's failure to prosecute or comply with an order of the court. The fact that it was dismissed, however, does not mean that it did not exist or that plaintiff was relieved of his obligation to report it.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above.

This court recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause.[1] Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term

---

[1] No motion for leave to proceed *in forma pauperis* has been filed, and due to the court's inevitable recommendation that this case be dismissed for the reasons stated herein, the delay necessary to require the plaintiff to submit such documentation and possibly pay an initial filing fee is improvident.

*Case No: 3:05cv307/LAC/MD*

sanctions. See, e.g., *United States v. Roberts*, 308 F.3d 1147 (11th Cir. 2002) (inmate convicted of perjury for false statement made on pleading filed in federal court).

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

At Pensacola, Florida, this 10th day of August, 2005.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).